ROSA HARTMANN, Respondent, v. NATIONAL
COUNCIL OF THE KNIGHTS AND LADIES
OF SECURITY, Appellant.

St. Louis Court of Appeals.  Submitted on Briefs March 4, 1915.
Opinion Filed April 6, 1915.

1. **APPELLATE PRACTICE: Binding Effect of Theory at Trial:**
   **Fraternal Beneficiary Associations.**  Cases are heard on appeal
   on the theory upon which they were tried in the trial court,
   so that plaintiff, suing on a death benefit certificate, will not
   be heard to contend, on appeal, that defendant was not entitled
   to the benefit of the statute relating to fraternal beneficiary
   associations because of its failure to introduce proof of its
   authority to transact business as a fraternal beneficiary as-
   sociation, where no such point was made in the trial court.

2. **FRATERNAL BENEFICIARY ASSOCIATIONS: Effect of Mis-**
   **representations by Insured.**  Under Sec. 7109, R. S. 1909, Sec.
   6937, declaring that no misrepresentation made in procuring
   a policy of life insurance shall be material unless the matter
   misrepresented shall have actually contributed to the contin-
   gency or event on which the policy is to become payable, is
   not applicable to fraternal beneficiary associations, so that
   a misrepresentation by the holder of a death benefit certificate
   issued by such an association, concerning his age and occupa-
   tion, bars a recovery on the certificate.

3. ————: **Waiver of Defenses: Instructions: Submitting Unproved**
   **Facts.**  In an action on a death benefit certificate issued by a
   fraternal beneficiary association, where there was no evidence
   that, at the time of the member's application, the association
   knew that he was engaged in a prohibited occupation, an in-
   struction submitting the issue whether the provisions of the
   policy were waived because of that knowledge and because
   of subsequent retention of dues by defendant, with knowledge
   of the fact that insured was so engaged, was erroneous, be-
   cause not warranted by the evidence.

4. **INSTRUCTIONS: Submitting Unproved Facts.**  An instruction
   which submits a fact not supported by the evidence is erro-
   neous.

5. **ESTOPPEL: Ignorance of Facts.**  There can be no estoppel as
   to a fact not known.

6. **FRATERNAL BENEFICIARY ASSOCIATIONS: Waiver of**
   **Defenses by Subordinate Lodge: Statute.**  Under Acts 1911,

p. 292, Sec. 22, declaring that the constitution and laws of a fraternal beneficiary association may provide that no subordinate body or officer shall have the power to waive any of the provisions of its laws or its constitution, knowledge of the local branch of such an association that a member was engaged in a prohibited occupation is not binding on the association, where its constitution provides that no subordinate lodge can waive any of the provisions of its laws.

7. **TRIAL PRACTICE: Conflicting Evidence: Question for Jury.** Where the evidence is conflicting, the question is for the jury.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

REVERSED AND REMANDED.

*W. Paul Mobley* for appellant.

(1)   Representations made by an applicant for membership in a fraternal beneficiary association are warranties and when false avoid the policy.    Hartmann, in his application for membership in the defendant society, misrepresented both his age and his occupation and his benefit certificate is therefore void. McDermott v. Modern Woodmen of America, 97 Mo. App. 636; Modern Woodmen of America v. Angle, 127 Mo. App. 94; Valleroy v. Knights of Columbus, 135 Mo. App. 574; Hoagland v. Modern Woodmen of America, 157 Mo. App. 15; Aloe v. Mutual Reserve Life Association, 147 Mo. 561; Sovereign Camp Woodmen of the World v. Hall, 104 Ark. 538; Dinan v. Supreme Council of the Catholic Mutual Benefit Association, 201 Pa. St. 363; Holland v. Chosen Friends, 54 N. J. Law, 490; Supreme Council of American Legion of Honor v. Green, 71 Md. 263.    (2)   A certificate on the life of a person who misrepresents his age in the application, and whose age exceeds that of the society's age limit is void *ab initio.*   At the time Hartmann made application for membership he stated and warranted that he was forty-six years old his last birthday.   According

to all the competent evidence, and according to the overwhelming weight of all the evidence he was fifty-six years old his last birthday. The age limit of the society was fifty-five. McCann v. Ladies of the Maccabees, 182 Ill. App. 319; Swett v. Citizens' Mutual Relief Society, 78 Me. 541; Marcoux v. Society of St. John Baptist, 91 Me. 250; Taylor v. Grand Lodge A. O. U. W. of Minnesota, 96 Minn. 441; Pirrung v. Supreme Council of the Catholic Mutual Benefit Association, 104 N. Y. App. Div. 571; Dinan v. Supreme Council of the Catholic Mutual Benefit Association, 201 Pa. St. 363. (3) An officer of a subordinate lodge, or one not a member of the governing body of a Fraternal Beneciary Society, has no authority to waive provisions of the Constitution or Laws of the Society. E. W. Biby was only an organizer for the city of St. Louis. He was not a national officer nor a member of the governing body, and therefore could not waive provisions of the constitution and laws of the order. Borgraefe v. Supreme Lodge Knights and Ladies of Honor, 22 Mo. App. 127; Lavin v. Grand Lodge A. O. U. W., 104 Mo. App. 1; Cline v. Woodmen of the World, 111 Mo. App. 601; McMahon v. Maccabees, 151 Mo. 522; Smith v. Woodmen of the World, 179 Mo. 119; Shartle v. Modern Brotherhood of America, 139 Mo. App. 433; Sovereign Camp Woodmen of the World v. Hall, 104 Ark. 538; Kirk v. Sovereign Camp Woodmen of the World, 155 S. W. 39; Knode v. Modern Woodmen of America, 171 Mo. App. 377; Pirrung v. Supreme Council of the Catholic Mutual Benefit Association, 104 N. Y. App. Div. 571. (4) The constitution and laws of a fraternal beneficiary society are in the nature of a contract between the society and its members, and they are bound thereby. Gallop v. Royal Neighbors of America, 167 Mo. App. 85. (5) The peremptory instruction to find for defendant at the close of all the evidence should have been given. (6) Instruction number 6 for plaintiff was erroneous, in that it submitted to the jury the

question of waiver by the defendant of insured's occupation at the time he made application for membership in defendant order, when there was no evidence to support such waiver. (7) Instructions number 4 and 5 asked and offered by the defendant should have been given as asked, and the court erred in modifying and changing the same and giving them of its own motion.

*James J. O'Donohoe* for respondent.

(1) To entitle a foreign fraternal order to defend an action on a certificate as such, it must plead and prove that it has the essential qualifications of such societies prescribed by Section 7109, Revised Statutes of Missouri 1909, requiring that it be conducted not for profit, maintain a lodge system with ritualistic work, and that it had been admitted to do business in this State as provided in section 7112. Schmidt v. Forresters, 228 Mo. 675; Kribs v. Forresters, 171 Mo. App. 87; Conner v. Association, 171 Mo. App. 364; Newland v. M. W. A., 168 Mo. App. 311; Thompson v. Royal Neighbors of America, 154 Mo. App. 109; Gruell v. Knights & Ladies of Security, 126 Mo. App. 496; Brasfield v. Modern Woodmen, 88 Mo. App. 208. Since the defendant failed to prove that it had complied with either section 7109 or section 7112 of the Revised Statutes of 1909, then even if the insured misrepresented his age and occupation the same is immaterial, for the evidence does not reveal that either caused or contributed to cause his death. Sec. 6937, R. S. 1909; Dodt v. Ins. Co., 171 S. W. 655; Buchholz v. Ins. Co., 177 Mo. App. 683; Roedel v. Ins. Co., 176 Mo. App. 584; Coscarella v. Ins. Co., 175 Mo. App. 130; Ins. Co. v. Stiewing, 173 Mo. App. 108; Welsh v. Ins. Co., 165 Mo. App. 233; Frazier v. Ins. Co., 161 Mo. App. 709; Lynch v. Ins. Co., 150 Mo. App. 461; Salts v. Ins. Co., 140 Mo. App. 142; Burns v. Ins. Co., 141 Mo. App. 212;

Burridge v. Ins. Co., 211 Mo. 158; Williams v. Ins. Co., 73 Mo. App. 612; Kern v. Legion of Honor, 167 Mo. 471; Keller v. Ins. Co., 58 Mo. App. 557. Warranties do not obtain in this State. Sec. 6937, R. S. 1909; Ashford v. Ins. Co., 98 Mo. App. 505; Jacobs v. Life Assn., 146 Mo. 523; Aloe v. Life Assn., 164 Mo. 675; Sheurmann v. Ins. Co., 165 Mo. 641; Jenkins v. Ins. Co., 171 Mo. 383. (2) It has been ruled that public records required to be kept by ordinance are competent evidence. Ohmeyer v. Woodmen Circle, 91 Mo. App. 189; Reynolds v. Ins. Co., 88 Mo. App. 679. Then, again, it has been decided that such records are inadmissible. Smart v. Kansas City, 208 Mo. 162; O'Connor v. Ins. Co., 78 Mo. App. 131. The burden of proof is on the defendant to show that the statement as to age is false, and it will be presumed to be correct until the presumption is overcome by competent proof. 3 Cooley Br. Ins., p. 2028; cases cited. The truth or falsity of the insured's statements as to his age is for the jury. 3 Cooley Br. Ins., p. 2033; cases cited. Opinion evidence as to age is competent. 2 Bacon Ben. Soc., sec. 469a, p. 1191; Elsner v. K. & L. of Honor, 98 Mo. 640. The defendant requested and the court gave an instruction submitting the question of age to the jury and its finding on that issue is binding on defendant. Hays v. Bunch, 91 Mo. App. 471; Dunlap v. Griffith, 146 Mo. 292; Hopkins v. M. W. of A., 94 Mo. App. 409; Frankenthal & Bro. v. Assurance Co., 76 Mo. App. 19. (3) The prohibited occupation was waived. Jones v. Ins. Co., 173 Mo. App. 1; Oldham v. M. B. A., 170 Mo. App. 564; Simmons v. Modern Woodmen of America, 172 S. W. 495; Scarritt Estate Co. v. Casualty Co. of America, 166 Mo. App. 567; Wagaman v. Insurance Co., 110 Mo. App. 616; Brennen v. Insurance Co., 99 Mo. App. 718; Ormsby v. Insurance Co., 98 Mo. App. 371; Ross-Langford v. Insurance Co., 97 Mo. App. 79; Saetelle v. Ins. Co., 81 Mo. App. 509; Schmidt v. Insurance Co., 2 Mo. App. 339; Parsons v. Insurance Co., 132 Mo. 583;

Andrus v. Insurance Assn., 168 Mo. 151; Andre v. Modern Woodmen, 102 Mo. App. 377; Cauveren v. Ancient Order of Pyramids, 98 Mo. App. 433; Courtney v. St. Louis Police Relief Assn., 101 Mo. App. 261; Frame v. Woodmen of the World, 67 Mo. App. 127; Puhr v. Grand Lodge, 77 Mo. App. 47; Lewis v. Benefit Assn., 77 Mo. App. 586; McMahon v. Maccabees, 151 Mo. 522; Cline v. W. O. W., 111 Mo. App. 601; Walton v. Fraternal Aid Assn., 149 Mo. App. 493; Forresters v. Cunningham, 156 S. W. (Tenn. S. C.), 192, cases cited. Knowledge of and notice to defendant's district manager and organizer of the prohibited occupation was knowledge and notice to defendant. Hilburn v. Ins. Co., 140 Mo. App. 368; Shook v. Ins. Co., 154 Mo. App. 394; Shutts v. Ins. Co., 159 Mo. App. 436. (4) An application cannot affect the validity of a policy unless the same is attached to such policy or the substance thereof indorsed thereon. Sec. 6978, R. S. 1909; Coscarella v. Ins. Co., 175 Mo. App. 138, 139; Gibson v. Ins. Co., 181 Mo. App. 309; Nugent v. Ins. Co., 172 Mass. 278; Carson v. Ins. Co., 115 Iowa, 485; Corley v. Travelers Protective Assn., 105 Fed. 854; Ins. Co. v. Hawley, 68 Ohio, 614; Golden Cross of the World v. Hughes, 114 Ky. 175; Grimes v. Legion of Honor, 97 Iowa, 315; Stork v. Knights of Pythias, 113 Iowa, 724. The failure of the insured to comply with the statute not only renders the application inadmissible in evidence on its behalf to show misrepresentations by the insured, but parol evidence cannot be admitted to show that the insured made false statements thereon. 1 Cooley Briefs Ins., p. 686, cases and statutes cited. The statements, in an application for insurance, in a mutual benefit society, which is not made part of the policy, are not promissory warranties, but promissory representations only, and as such it was incumbent upon defendant to plead and prove that their breach was material. Zepp v. Grand Lodge A. O. U. W., 69 Mo. App. 487.

190MA7

The burden was on the defendant to plead and prove that the by-laws were in force at the time the policy was issued, as well as at the death of the insured. Gruwell v. Knights and Ladies of Security, 126 Mo. App. 496; Burchard v. Western Commercial Travelers Assn., 139 Mo. App. 606; Chadwick v. Order of Triple Alliance, 56 Mo. App. 474; Force v. Knights of Honor, 41 Mo. App. 117; Mulroy v. Knights of Honor, 28 Mo. App. 467-468; Siebert v. Order of Chosen Friends, 23 Mo. App. 268. (5) Proof that the policy was issued and that the insured was dead established the plaintiff's prima-facie case. Keily v. K. of F. M., 179 Mo. App. 619; Winn v. M. W. of A., 157 Mo. App. 1. To sustain the affirmative defenses, it was essential for the defendant to plead and prove that it would not have issued the policy had it known that the insured had either misrepresented his age or occupation, and that it would not have received the insured's assessment or continued him a member had it known that he was engaged in a prohibited occupation. Summers v. Ins. Co., 90 Mo. App. 691; Christian v. Ins. Co., 143 Mo. 464. Agreements in reference to future occupation are promissory representations as distinguished from affirmative warranties, and as such are immaterial, unless they concern a matter which contributes to cause death. 2 Cooley Br. Ins., p. 1466, cases cited.

REYNOLDS, P. J.—Action on a certificate issued by defendant to one William Hartmann, a member of Future Great Council, No. 1367, a subordinate lodge of the defendant order. The certificate is in the form usually issued by like societies, providing that the order will pay to Rosa Hartmann, plaintiff here, wife of William Hartmann, the sum of $1000, if, at the time of his death, he is a member of the order in good standing. Averring that Hartmann had died while a member in good standing, judgment is prayed for the amount set out in the certificate.

There was a former trial of the cause and a verdict for plaintiff which the court set aside as contrary to the weight of the evidence. This present, the second, trial was had on the same petition and answer, the latter averring that defendant is a fraternal beneficiary society, organized under and by virtue of the laws of the State of Kansas, and that it had complied with all laws permitting it to do business in the State of Missouri as a fraternal beneficiary society. Further answering, it is set out that the certificate of membership was issued to William Hartmann under his application for membership, which application is attached to the answer, and that in pursuance of the terms and conditions of the application and relying upon the statements, warranties and answers therein contained, defendant had admitted Hartmann to membership and issued him the certificate sued on, the application providing that it should be deemed and taken as a part of any contract of indemnity issued to Hartmann in pursuance of its terms; that among other representations in the application was the declaration that the answers and statements in the application to the questions propounded, "are warranted to be true and fair," and the applicant acknowledged and agreed that the answers and statements with the application should form the basis of his agreement with the order and should constitute a warranty, and further, that the applicant made the report of the medical examination to which he had been subjected a part of the application, and agreed that the application and medical examination should be considered a part of his beneficiary certificate, and he further agreed that if he was accepted as a member of the order that he would lawfully abide by all the laws, rules and regulations now enacted or that may hereafter be enacted. It is further set out that an article of the constitution of the society provides that the membership of the order shall be composed of white males and females of not less than

eighteen nor more than fifty-five years of age when admitted; that in the application, dated January 23, 1907, Hartmann stated he was born on the 17th of May, 1860, and that in answer to the question as to his age stated that his age at his last birthday was forty-six years. It is averred that these answers and statements were not full, complete and true, but that the fact was that Hartmann, at the time and date of the application, was over fifty-five years of age and above the age limit of members of the society.

A provision set out in the certificate of membership, it is averred, was to the effect, among others, that if the member holding the certificate should be or become engaged in the prohibited occupations, as provided in the laws of the order, the certificate should be null and void and all rights and membership forfeited. It is averred that the by-laws of the order, provide that no subordinate council shall receive into or retain in its beneficiary or social membership persons engaged in certain specified occupations, among others, "persons engaged either as manufacturer of or wholesale dealer in spirituous, malt or vinous liquors, or as saloon owner, saloon keeper or bartender, engaged in the sale of spirituous, malt or vinous liquors as a beverage." It is further provided in the by-laws that, "If any member in either of the ordinary or hazardous classes engages in any prohibited occupation or business, his certificate is thereby cancelled and annulled, and all rights thereunder forfeited, and the financier of the council shall not thereafter, under penalty of the forfeiture of his own membership and beneficiary certificate, collect or receive payment of assessment or dues from said member, and shall notify said member that until such occupation or business is discontinued, his beneficiary certificate is cancelled and annulled." It is averred that Hartmann, in answer to the question as to his occupation, stated and warranted that at the time of making the application he was a "grocer

merchant,'' and it is averred that that answer or statement was not full, complete or true, but that the fact was that Hartmann, at the time of his application and admission, and at various times during and after the issuance of the certificate sued on, engaged in business as a saloon keeper, saloon owner or bartender, and engaged in the sale of spirituous, malt and vinous liquors as a beverage, and that by reason of his occupation, an occupation prohibited by the by-laws of the society, the certificate sued on became null and void.

Various other provisions of the by-laws are set out which are not now necessary to be stated.

After stating them, as well as the above, it is averred that Hartmann during his lifetime paid to the order the sum of $71.25; that this sum, on the 17th of November, 1911, was tendered to plaintiff in lawful money of the United States and which tender was refused by plaintiff, defendant now paying it into court.

The second trial was had on the petition and the answer, as above summarized, and on an amended reply, in which latter it was set up that by its custom and course of dealing with plaintiff's husband which defendant had established, at, prior to, and since the issuance of the benefit certificate in suit, it had waived the provisions of its by-laws as to occupation and misstatement of age, and that it had specifically waived the misrepresentation as to occupation, in that in rejecting the claim under the certificate in suit it did so only upon the ground that when Hartmann became a member of the order he was over the age of fifty-five years, and that it had thereby waived the prohibition as to occupation "because if said William Hartmann was engaged as a saloon keeper, saloon owner or bartender, engaged in the sale of spirituous, malt and vinous liquors as a beverage, or otherwise, the defendant knew the same and acquiesced therein and said defendant received, accepted and retained the said William ·

Hartmann's dues and assessment with full knowledge thereof."

The jury, allowing a credit for the amount tendered, returned a verdict in favor of plaintiff for $953, with interest amounting to $53.37, a total of $1006.37. Judgment following, defendant interposed a motion for new trial and that being overruled and exception saved, it has duly perfected its appeal to this court.

Introducing the certificate in evidence, and the death of Hartmann being admitted, as alleged, and admitting that proof of loss had been furnished, and the issue of the certificate being admitted, it was introduced and read in evidence and plaintiff rested, there being no dispute over the fact that plaintiff was the wife, now the widow, of Hartmann.

Defendant thereupon introduced evidence tending to prove that in his application Hartmann had represented himself to be forty-six years of age; that his occupation was that of a "grocer merchant," and that in point of fact he was fifty-six years of age, and at the time of the issuance of this certificate and for some time afterward was engaged in the business of saloon owner and keeper. The application with the medical examination attached and the sections of the constitution and by-laws of the order relevant were also introduced in evidence by defendant. There was also evidence introduced by defendant tending to show that none of the chief officers of the organization were aware of the fact of Hartmann being engaged in the saloon business as owner, barkeeper or otherwise.

In rebuttal plaintiff introduced evidence tending to prove that Hartmann had given his age correctly, and that he was not a barkeeper nor engaged in the liquor business, and that while he had taken out a license to run a saloon in his own name, he had done it for the benefit of another party who had forfeited his right to a license. The evidence of Hartmann having been engaged in the saloon business was endeavored to be

met by the evidence introduuced under the plea of estoppel. In support of this plea, plaintiff introduced evidence tending to prove that a Mr. Biby, who was the deputy or district manager of the order in St. Louis, as well as officers and members of the local council, had knowledge of the occupation in which Hartmann was engaged after he became a member of the order. There was no testimony, however, offered tending to show that Mr. Biby, or any other national officer of the organization, knew this at the time of the application and admission of Hartmann as a member.

In sur-rebuttal, defendant introduced Mr. Biby, who testified that he was not an officer of the supreme governing body; had nothing to do with the matter of reporting to the supreme governing body, but was in charge in St. Louis and vicinity of the matter of the solicitation of members, and that his appointment came, not from the national council of the order, but was from the president, and that he was in no sense a national officer or a chief officer of the order. It was also in evidence that it was the duty of the financier of a local council to report to the national council the names of any members who were at the time or after their admission to membership engaged in any of the prohibited occupations. The financial secretary of the local council testified that she had never made any such report on Mr. Hartmann; had never notified the national council that he was engaged in business as a saloon keeper, liquor dealer or barkeeper, and that, prior to the death of Mr. Hartmann, she had never heard that he was engaged in any such occupation.

There was no evidence in the case that the occupation of Hartmann had been reported by any one to any of the officers of the national council, or that any of these officers, unless Mr. Biby was such, had any knowledge or information as to the occupation of Hartmann.

At the conclusion of the testimony in the case, the court at the instance of plaintiff, and among other instructions, gave this, numbered 6:

"Although you may find and believe from the evidence that William Hartmann *at the time he made application for* and during his membership in defendant order was engaged as a saloon keeper, saloon owner or bartender engaged in the sale of spirituous, malt and vinous liquors as a beverage, yet if you further find and believe from the evidence that defendant knew the same and that with full knowledge of his occupation defendant received, accepted and retained dues and assessments from him, then defendant has waived the right to complain of Hartmann's occupation of saloon keeper, saloon owner or bartender." (Italics ours.)

Defendant duly excepted to the giving of this instruction.

On its part, defendant asked the court to instruct the jury that if they believed from the evidence that Hartmann, "in his written application for the certificate sued on in this case in answer to the question 'occupation,' answered 'grocer merchant,' and if you further find that said Hartmann was engaged as a saloon keeper, saloon owner or barkeeper *on the date of said application,* then your verdict must be for the defendant." (Italics ours.) The court refused this as asked, but, over the objection and exception of defendant added these words: "unless you further find and believe from the evidence that defendant waived such occupation on the part of said Hartmann, as explained in instruction number 6 herein."

Defendant also asked the court to instruct the jury that if they found from the evidence, "that at any time after the issuance of the certificate sued on, William Hartmann was engaged as a saloon keeper, saloon owner or barkeeper, then your verdict must be for the defendant." The court refused to give this as asked but, over the objection and exception of defendant,

gave it after adding these words: "unless you further find and believe from the evidence that defendant waived such occupation on the part of said Hartmann, as explained in instruction number 6 herein."

The errors here assigned are to the submission of the cause to the jury under the evidence, it being claimed that the demurrer to the evidence, which was interposed by defendant, should have been sustained. Error is also assigned to the giving of the sixth instruction on behalf of plaintiff and to the addition of the language quoted by the court to the instructions asked by defendant.

In his brief and argument filed with us, the learned counsel for respondent makes the point that this defendant is not entitled to the benefit of our statutes relating to beneficiary associations for the reason that being a foreign corporation, it did not introduce any certificate of autuhority to do business in this State. This point is made for the first time on appeal in our court. We have looked in vain through the very full and complete abstract of the record of the trial and fail to find any objection that can be said to be even remotely founded upon the lack of this certificate. No such objection is even hinted at. As will be noted, the reply proceeds on the theory that defendant had waived breach of the representations. Evidence showing a breach of the representations and warranties, which representations and warranties it is claimed had been entered into by Hartmann, was introduced without any objection whatever on the part of plaintiff, and to meet this line of evidence plaintiff introduced her countervailing testimony. The plaintiff also kept that issue as to the breach of these representations in the case by the instructions which she asked at the close of the case. In the face of all these, respondent cannot now be allowed to raise the point of lack of the certificate for the first time in our court. Cases are heard on appeal, as has been often said, on the theory upon

which they are tried in the trial court. Appeals are not intended as heel traps to trip up the unwary; they are granted and heard in an effort to do justice and promote a due administration of the laws. Causes are to be heard and determined on their merits, if possible, and on the record as made up at the trial. We therefore, for the purposes of this present appeal, overrule this point of the respondent.

Turning then to the consideration of the case as it was tried, we treat it now as one involving the liability of fraternal beneficiary associations authorized to do business in this State, and as such exempt, by section 7109, Revised Statutes 1909, from the provisions of section 6937, Revised Statutes 1909, the misrepresentation section. It follows that if the representations and warranties made in the application for membership are proven to have been untrue, then plaintiff cannot recover. This has been decided in so many cases that it would be a mere work of supererogation to undertake to enumerate them. It is settled law in this State.

Error is assigned by counsel for appellant on the sixth instruction given at the instance of plaintiff. That instruction is wrong. It told the jury, "Although you may find and believe from the evidence that William Hartmann *at the time he made application* for and during his membership in defendant order was engaged as a saloon keeper, saloon owner or bartender engaged in the sale of spirituous, malt and vinous liquors as a beverage, yet if you further find and believe from the evidence that defendant knew the same and that with full knowledge of his occupation defendant *received, accepted and retained* dues and assessments from him, then defendant has waived the right to complain of Hartmann's occupation of saloon keeper, saloon owner or bartender." (Italics ours.) It will be noted that this instruction covers two periods or events, namely: first, the time of the application, reception and acceptance of Hartmann as a member;

second, his subsequent continuance as a member. There is not a particle of testimony in the case tending to show that at the time when he made his application for membership any person connected with the order, let alone any of the officers of the national council, knew that he was engaged in any business other than as a ''grocer merchant;'' knew he kept a saloon and was engaged in that occupation. There can be no estoppel as to a fact not known. So in as far as this instruction covers the date of Hartmann's application and the time when he was received and accepted as a member, it is fatally wrong. It will be observed that the two instructions asked by defendant, but which were refused as asked, made this distinction very sharply; that is, the first limited the knowledge of the order as to the occupation of Hartmann at the time he made his application and was received and admitted into the order. This difference in time is maintained and emphasized by the other instruction asked by defendant, to the effect that if the jury found that at any time *after* the issue of the certificate sued on Hartmann was engaged as a saloon keeper, their verdict must be for defendant. With this issue as to the occupation of Hartmann when making application for and admitted and received as a member sharply presented, it was error for the court to make that qualification on the first instruction asked by defendant, for the reason, as before stated, that there was no evidence whatever justifying it.

There is another error in this instruction and in the words added by the court to those asked by defendant. There was sharp controversy over the fact of knowledge by defendant's officers of the inhibited occupation of Hartmann. By the general language used in the sixth instruction and in the additions made by the court to the two asked by defendant, the court told the jury that if they found that ''defendant received, accepted and retained dues,'' etc., with full knowledge of Hartmann's occupation, it was estopped,

·etc.    From this the jury may have found that the knowledge of the local council and its officers and members, was the knowledge of the defendant.    Under the constitution and by-laws of this order, no subordinate lodge nor any of its officers could waive any provision of the order.    That is the law in this class of cases. Knowledge, under the by-laws and constitution, must be brought home to the general officers or governing body.    [Section 22, Acts 1911, Laws 1911, p. 292; Brittenham v. Woodmen of the World, 180 Mo. App. 523, l. c. 534, and cases there cited, 167 S. W. 587.]

Defendant asked an instruction to the effect that Biby had no authority to waive any of the conditions of the terms of the policy sued on.    There was no error in refusing this instruction in the form asked, for there was evidence *pro* and *con* on this matter.    The question of the authority of Biby is one of fact, as well as law, the question of fact to be distinctly submitted to the jury.    As the judgment in the case will have to be reversed and the cause remanded, we do not think it necessary to comment any further on the evidence in the case.

The judgment of the circuit court is reversed and the cause remanded.    *Allen, J.,* concurs.    *Nortoni, J.,* not sitting.