OLIVE G. WILHELM, RESPONDENT, v. THE SECURITY BENEFIT ASSO-CIATION, APPELLANT.—121 S. W. (2d) 295.

Kansas City Court of Appeals. November 7, 1938.

*John B. Frederick* and *Elliott & Crouse* for respondent.

*Michaels, Blackmar, Newkirk, Eager & Swanson, Kenneth E. Midgley, A. W. Fulton* and *Stringfellow & Garvey* for appellant.

BLAND, J.—This is an action on a fraternal beneficiary certificate. There was a verdict and judgment in favor of plaintiff in the sum of $1105, and defendant has appealed.

The facts show that the defendant, a fraternal beneficiary society, on the 30th day of April, 1931, issued a certificate of life insurance to one Arthur F. Geiler, a member of one of its local lodges in St. Joseph and that plaintiff was named as the beneficiary in the certificate as a dependent of the insured.

The application, which was signed by the insured, contains the following:

"1. I, Arthur F. Geiler, do hereby apply for membership in Olive Council No. 300 of The Security Benefit Association and for a benefit certificate of $1000.

"(Beneficiaries must be confined to wife, husband, relative by blood not further removed than first cousin, father-in-law, mother-in-law, son-in-law, daughter-in-law, step-father, step-mother, step-children, children by legal adoption, or to a person or persons dependent upon the member.)

"2. I desire the benefits paid Mrs. Olive G. Wilhelm, related to me as dependent, whose address is No. 1208 So. 24 Street, St. Joseph, Misso. . . .

"As a consideration for the issuance to me of a Beneficiary Certificate by The Security Benefit Association as herein applied for, I warrant that the foregoing answers and statements are true, full and correct, and I agree that the said answers and statements shall be held to be warranties."

The application further recites that it and the beneficiary certificate together with the constitution and laws of the society constituted the insurance contract.

The policy provides, among other things, that the agreement of the defendant to pay the amount of the insurance was: "In consideration of the statements, answers and agreements in the application of the member, which by this contract are made warranties."

The insured died on January 19, 1933, while in good standing.

The answer, among other things, alleges that the constitution and by-laws of the defendant provided that the payment of the death benefits should be confined to relatives within a specified relationship to the member, with some exceptions one being "person or persons dependent upon the member or upon whom the member is dependent." In this connection the answer alleges "that the Statutes of Missouri relating to the payment of benefits to beneficiaries in fraternal beneficiary societies is substantially the same as the Constitution and Laws of the defendant Association above set forth;"

that the plaintiff was not dependent upon the insured at the time the certificate was issued, or thereafter, and the insured was not dependent upon the plaintiff at said times and, consequently, plaintiff was not eligible as a beneficiary of the insured; that such lack of eligibility was unknown to the defendant Association until after the death of the insured.

The answer further alleges that "the said Arthur F. Geiler stated in his application that the plaintiff, Oilive G. Wilhelm, was related to him as 'Dependent;' that in said application the said Arthur F. Geiler warranted that all the statements and answers in said application were true, ·full and correct, and that said answers and statements should be held to be warranties, and the defendant alleges that the statement that the plaintiff, Olive G. Wilhelm, was dependent upon the said Arthur F. Geiler was false and untrue and that said false and untrue statement rendered the said benefit certificate null and void."

The answer also pleaded that the insured committed suicide; that such suicide·limited its liability under its by-laws, which were set. forth in the answer.

It was admitted by the plaintiff at the trial that she was not a dependent of the insured, but she contended that insured was dependent upon her. When she attempted to introduce evidence to support her contention that insured was dependent upon her, defendant objected, stating: "We object to that on the ground that the contract does not authorize the payment of this benefit certificate to someone who is dependent upon Mrs. Wilhelm, but only upon the theory that she was dependent upon him." This objection was overruled. For the purposes of the case we may assume that there were sufficient facts, if believed, shown by the plaintiff, to establish that deceased was dependent upon plaintiff at the time the policy was issued and at the time of insured's death.

At the request of the plaintiff the court instructed the jury that if they found that plaintiff was dependent upon insured, they should find for her, unless they found that the·death of insured was due to suicide. The court refused an instruction offered by the defendant stating that unless the jury found that plaintiff was dependent upon insured, they should render a verdict for it.

Defendant also offered an instruction in the nature of a demurrer to the evidence, which was refused. Defendant claims the court erred in so doing. In this connection it is urged that the evidence of plaintiff disclosed that she was not dependent upon insured and, under the insurance contract and the laws of the State of Missouri, insured's false warranty that plaintiff was his dependent rendered the certificate sued upon null and void.

The Statute, section 5995, Revised Statutes 1929, provides that the "payment of death benefits shall be confined to" relatives within a

specified relationship to the member, the only exception being "a person or persons dependent upon the member," and that "within the above restrictions each member shall have the right to designate his beneficiary."

The constitution and laws of the defendant are broader than the statute in reference to a beneficiary who may be named by the insured, such beneficiary not being confined to "a person or persons dependent upon the member," as provided in section 5995, Revised Statute 1929, but to "a person or persons dependent upon the member or upon whom the member is dependent." Under the provisions of section 5993, Revised Statute 1929, a fraternal beneficiary association is exempt from the general insurance laws of this State, including section 5732, regarding misrepresentations and there is no doubt that the statement of the insured, in his application, that the plaintiff was a dependent of his, constituted a warranty under the terms of the certificate (37 C. J., p. 469), and the warranty being shown to have been false, the certificate was void and plaintiff was not entitled to recover. [Hartman v. K. & L. of Security, 190 Mo. App. 92, 106; Daffron v. M. W. A., 190 Mo. App. 303, 316; Taylor v. Security Benefit Association, 270 S. W. 132, 135.]

Plaintiff contends that "The naming of a beneficiary not authorized by the statutes of Missouri, but authorized by the laws of the fraternal beneficiary association issuing the certificate, does not void or nullify the certificate but simply subjects the association to the general insurance laws of Missouri as to that particular certificate."

In support of this contention plaintiff cites Crdelheide v. Modern Brotherhood, 268 Mo. 339, and Herzberg v. Modern Brotherhood, 110 Mo. App. 328, and like cases. These cases all involve certificates naming beneficiaries other than those permitted by the laws of Missouri and they are not in point in this case for the reason that the application and the certificate here named a beneficiary permitted by the laws of this State, to-wit, a dependent of the insured. It appears that the defendant attempted to comply with the laws of the State, but through a false statement of the insured a person was named as his dependent who was not, in fact, such. The beneficiary of the insured, therefore, is in no position to force the defendant to recognize as a beneficiary one who is not permitted to be such under the laws of this State.

However, it is claimed that, as the answer did not plead or allege that defendant would not have issued the certificate had it known that insured was dependent upon the beneficiary instead of the beneficiary being dependent upon the insured, it is not in a position to make the point now urged by it. In support of this contention plaintiff cites Christian v. Ins. Co., 143 Mo. 460; Summers v. Met. Life Ins. Co., 90 Mo. App. 691, and Conway v. Commonwealth Cas. Co.,

37 S. W. (2d) 493. These are all cases involving old line insurance companies, which are governed by the misrepresentation statute. [Section 5732, R. S. 1929.] This section is contained in the general insurance laws but, as before stated, section 5993 specifically exempts fraternals, such as the defendant, from such laws, including section 5732. Under the misrepresentation statute the misrepresentation must be material to the risk and an insurance company coming within that statute should plead that had it known of the true facts it would not have issued the policy. However, we have involved in this case a breach of warranty, which is "in the nature of a condition precedent, and no inquiry is allowed into the materiality or immateriality of the fact warranted." [See Aloe v. Mutual Reserve Life Ass'n., 147 Mo. 561, 575; Whitmore v. Sup. Lodge K. & L. of Honor, 100 Mo. 36.] There is no merit in the contention.

It is claimed that in its answer, defendant took the position that the beneficiary was not dependent upon the insured and the insured was not dependent upon the beneficiary and the designation of plaintiff as his beneficiary was void; that "defendant is bound by its answer and will not now be heard to say that the designation was void if the insured was dependent upon her;" nor will defendant be heard to say that its constitution and laws are in conflict with the statutes of Missouri after having pleaded in its answer that its constitution and laws relating to beneficiaries are substantially the same as those statutes.

A fair construction of the answer shows that the defenses set up therein were based upon three grounds: (1) That defendant's constitution and laws permitted a member to designate as beneficiary in a certificate a person or persons dependent upon the member or upon whom the member is dependent, and that the laws of the State of Missouri are substantially the same as the constitution and laws of the defendant; that the member was not dependent upon the beneficiary nor was the beneficiary dependent upon the member; that, consequently, plaintiff was not eligible as a beneficiary; (2) That insured, in his application, warranted that his beneficiary was dependent upon him, which warranty was false and untrue; (3) That insured committed suicide, which limited its liability under defendant's by-laws, which were pleaded. Under these circumstances, we think it cannot be successfully contended that the answer conclusively shows that the theory of the defense was that the certificate was valid if the insured was dependent upon the beneficiary for, in addition to setting forth the defense that the insured was not dependent upon the beneficiary, the answer also pleaded a breach of warranty avoiding the policy, in that, insured in his application warranted that plaintiff was dependent upon him which, it was alleged was untrue.

We are not called upon to construe from a technical standpoint,

the first defense pleaded in an effort to find out if the facts stated therein constitute any defense but, assuming that it did and that it discloses the theory of the defense in part, yet, there is nothing inconsistent between that and the defense of the breach of warranty, which was also made. We are of the opinion that there is nothing in the answer, or in the trial, itself, to indicate that it was tried upon the theory that, if the insured was dependent upon the beneficiary, plaintiff was entitled to recover under the policy. Quite the contrary. Therefore, the case of Downey v. Gas Co., 79 S. W. (2d) 1063, 1068, cited by plaintiff, is not in point.

From what we have said it is apparent that plaintiff is not entitled to recover and the judgment should be reversed and it is so ordered. All concur.